Irvotg H. Saypol, J.
The petitioner-landlord in this proceeding (CPLR, art. 78) challenges the validity of a regulatory Administrator’s Interpretation No. 9, which provides for a fixed rent increase generally for normal replacements of plumbing, but also provides for increases upon preliminary request for an opinion on the ground that the normal allowances are inadequate.
Petitioner attacks the $2 per month basic allowance for replacement of plumbing risers. It contends that the $2 allowance is completely rigid and encompasses all possible cases and accordingly denies some landlords adequate and appropriate rent increases. Petitioner further argues that a schedule of rental values is improper, per se, in that these are compromise allowances and unfair, and urges allowances of increases high enough to amortize the actual expenditures of the landlord over a fixed period.
Administrator’s Interpretation No. 9 sets forth a procedure with detailed allowances in the form of rent increases to compensate landlords for replacement of plumbing. The particular allowances challenged are those for installation of replacement risers, that is the hot and cold water pipes which carry the water vertically from the basement to the apartments on the upper floors.
The Interpretation under attack, however, provides for higher rent increases wherever the facts of an individual case warrant: “ The rental schedule herein will apply to all buildings except where it is found that because of a unique and peculiar combination of factors, the foregoing allowances may not be appropriate and such facts are submitted to the Administrator for a prior opinion before the commencement of the plumbing improvement. ’ ’
Petitioner attempts indirectly to inject its dissatisfaction with an order in a specific case which petitioner failed timely to appeal. That proceeding, now injected by petitioner, is one which involved its application for a prior opinion (as provided in the regulation itself) for plumbing replacement in its building at 8 East 96th Street, Manhattan. One of the papers in that *535 proceeding, a memorandum, has been annexed to the petition in this proceeding as Exhibit A.
Petitioner argues that the 8 East 96th Street case establishes its claim that the $2 per month allowance is fixed and not subject to increase under any circumstances. Respondent’s answer to that is that petitioner never offered any evidence in the 8 East 96th Street case to justify the claim that there was anything materially unusual about that building, or that its requirements for renewal of plumbing justified more than the $2 per month standard allowance for risers.
As stated, Administrator’s Interpretation No. 9 expressly permits the granting of more than the standard rent increases when the circumstances require.
Nor is the regulation improper per se because it provides for normal cases by schedule rent increases rather than by amortization of a landlord’s claimed cost. It cannot be held herein that the use of scheduled rental values is improper. The formula, absent arbitrariness, should be left to the sound discretion of the Rent Administrator, subject to review in a proper case by the court.
It is not demonstrated that the promulgation of Interpretation No. 9 was an improper exercise of the Rent Administrator’s discretion. It is not so lacking in reason for its promulgation that it is arbitrary.
Accordingly, this application is denied and the petition is dismissed.